JOHN C. SOUTHWICK, RESPONDENT, *v.* THE FIRST NATIONAL BANK OF MEMPHIS, APPELLANT.

*National bank — attachment —* § 57, *chap.* 106 *of* 1864, *U. S. Stat.* — § 2, *chap.* 269 *of* 1873, *U. S. Stat.*

The amendment to the national banking act, passed in 1873 (chapter 269, § 2), providing " that no attachment, injunction or execution shall be issued against such association or its property, before final judgment in any such suit, action or ·proceeding in any State, county or municipal court," relates only to suits, actions and proceedings against associations located where the suit is brought, and not to cases where the action is against a non-resident corporation.

APPEAL from an order made at Special Term denying a motion to vacate an attachment.

*Francis C. Barlow*, for the appellant.

*John E. Burrill*, for the respondent.

DAVIS, P. J.:

The defendant is a national bank located at Memphis, Tennessee. At the beginning of this action the plaintiff obtained an attachment against the defendant, and levied the same upon moneys in the Park Bank, in the city of New York, belonging to the defendant.

The defendant having appeared generally in the action, now moves to vacate the attachment, on the ground that it was obtained and issued in violation of section 57 of the national banking act of 1864, as amended by section 2 of chapter 269 of the laws of congress of 1873 (3d session). As so amended, that section reads as follows :

Section 57. And be it further enacted, that suits, actions and proceedings against any association under this act may be had in any circuit, district or territorial court of the United States, held within the district in which such association may be established, or in any State, county or municipal court in the county or city in which said association is located, having jurisdiction in similar

cases. *Provided, however*, that all proceedings to enjoin the comptroller under this act shall be had in a circuit, district or territorial court of the United States, and held in the district in which the association is located. *And provided, further*, that no attachment, injunction or execution shall be issued against such association, or its property, before final judgment in any such suit, action or proceedings in any State, county or municipal court.

The court below held that the case of *Cook* v. *The State National Bank of Boston* necessarily involves the question presented in this motion, and accordingly refused to vacate the attachment. That case holds, in substance, that section 57 of the act of 1864 did not intend to take away the general jurisdiction of State courts over corporations created under the national banking act, wherever the same may be located, and that it is not competent for congress to deprive the State courts of jurisdiction in all actions against banking associations organized under the act, or to restrict the jurisdiction to particular courts. It accordingly upheld the jurisdiction of the State courts of this State, in an action against a national banking association located and doing business in the State of Massachusetts.

We are not asked by the learned counsel for the appellant to disregard the rulings of the Court of Appeals in *Cook* v. *The State National Bank of Boston*, but to hold that congress has power, notwithstanding the general jurisdiction of the State courts, in suits against such national banks, to enact that no attachment, injunction or execution against such association, or its property, shall be issued before final judgment; and he insists that by the amendment of section 57, passed in 1873, congress has imposed such restriction on the State courts, as well in actions against associations located in other States, as in actions against associations established in the State where suit is brought. The amendment of 1857 was probably made because of the decisions of the courts of this State holding that national banking associations, located and doing business in this State, were subject to the process of attachment as *foreign corporations*, under the peculiar definition of such corporations given by our Code of Procedure, to wit: "*A corporation created by or under the laws of any other State, government or country.*" (Code, §§ 227, 427.) The amendment should be construed with an eye to the mischief sought to be prevented, and it

should not be held that congress intended to take away the ordinary, and, in many cases, the only process, by which suits in State courts can be commenced against banking associations located in other States. It is not necessary to consider the question whether congress has power to inhibit the commencement of suits against national banks in the State courts by attachment, where property of such banks is within the jurisdiction of the court, although the bank itself is established in another State, unless we are satisfied that the true construction of the amendment of 1873 raises that question.

The amendment referred to constitutes the second proviso of section 57, as above quoted, and is in these words: "And provided, further, that no attachment, injunction or execution shall be issued against such association, or its property, before final judgment in any such suit, action or proceedings in any State, county or municipal court." The prohibition, it will be observed, is not extended to any suit, action or proceeding, but to "any *such* suit, action or proceeding," and the use of the word "*such*" in connection with suit, action or proceeding, requires us to ascertain to what it relates in the section of the act in which it is used. In doing this, we find that the preceding language of the section speaks, so far as it relates to State, county and municipal courts, only of suits, actions and proceedings against associations located where the suit is brought; or in the words of the act, of suits "*in the county or city in which such association is located ;*" and it is only "in any *such* suit, action or proceeding in any State, county or municipal court" that the proviso forbids the issuing of an attachment, injunction or execution before final judgment. This seems to be the plain, common sense construction of the language used; and if we accept the decision of the Court of Appeals, above referred to, as a correct exposition of the law, as this court is bound to do, then we are not at liberty by any liberal or implied construction, to extend the prohibition to such suits as that now before us. If suits may be brought in this court against national banking associations located in other States, notwithstanding the restrictions expressed or implied in the fifty-seventh section of the national banking act, then there seems to be no difficulty in holding that such suits may be commenced by the ordinary and only process known to our laws,

which in this case, is the process of attachment against property situated within this State.

There seems to us no reason to question the power of congress to prohibit " attachment, injunction and execution before judgment " in actions brought in our courts against associations located in our State. Such prohibition may be wise and salutary, inasmuch as those banks may be proceeded against by the ordinary process of the courts, without resort to provisional remedies. The prohibition does not disarm the State courts of jurisdiction, and congress alone is to determine whether the several remedies named will tend to destroy or impair the usefulness of the national banks in their localities, and should, therefore, be prohibited. (See opinion of SWAYNE, J., in *The National Bank of Buffalo* v. *Dearing*, not yet reported.)

The right of these corporations or associations " to sue and be sued, complain and defend in any court of law and equity as fully as natural persons," is given in the most general terms by subdivision 4 of section 8 of the act under which they are created. (See U. S. Rev. Stat., p. 999.) And congress has gone no further in the provisions of the fifty-seventh section, than to protect them from the summary processes specially named in suits brought in the State, county or city of their location. As to suits against such corporations as cannot be reached by personal process, congress has left intact the remedies provided by State laws. It follows from these views, and from the law as laid down in *Cook* v. *The State National Bank of Boston* (*ubi sup.*), that the attachment in this case was properly issued.

The order should, therefore, be affirmed, with ten dollars costs, besides disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.